UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Darrell W. Titus,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| **ILLINOIS DEPARTMENT OF TRANSPORTATION ("IDOT"), BOB DUDA, individually and as an IDOT employee, GIOVANNI FULGENZI, individually and as an IDOT employee, DIANE M. O'KEEFE, individually and as an IDOT employee, CHRISTI G. MEANS, individually and as an IDOT employee,** | ) No. 11 C 00944 <br> ) <br> ) Judge Ruben Castillo |
| **Defendants.** | ) |

## ADDENDUM MEMORANDUM OPINION AND ORDER

Darrell W. Titus ("Plaintiff") brings this *pro se* action against the Illinois Department of Transportation ("IDOT"), and IDOT employees Bob Duda, Diane M. O'Keefe, Christi G. Means, and Giovanni Fulgenzi ("IDOT Employees"), (collectively, "Defendants"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and 42 U.S.C. § 1983 ("Section 1983"). (R. 30, Am. Compl. at 1.) Presently before the Court are (1) Plaintiff's motion to reinstate his Section 1981 claims and amend his complaint to add Jan E. Fuller-Johnson ("Johnson") as a defendant, (R. 49, Pl.'s Mot. Reinstate), and (2) the IDOT Employees' motion for clarification of the Court's December 14, 2011 memorandum opinion and order, granting in part and denying in part two motions to dismiss. (R. 45, IDOT's Mot. Clarify.) For the reasons stated below, Plaintiff's motion is denied and the

1

IDOT Employees' motion is granted.

## I. Plaintiff's motion to reinstate Section 1981 claims

The relevant facts of this case are recounted in the Court's December 14, 2011 memorandum opinion and order. (R. 43, Mem. Op. at 1-6.) In Counts I and II of Plaintiff's Amended Complaint, Plaintiff brought claims of discrimination and retaliation pursuant to Title VII and Section 1981 against IDOT and the IDOT Employees in their official capacities. (R. 30, Am. Compl. at 3.) Defendants sought to dismiss Plaintiff's Section 1981 claims against IDOT because they are barred by the Eleventh Amendment. (R. 32, IDOT's Mem. at 7; R. 35, Fulgenzi's Mem. at 4-5.) Defendants also sought to dismiss Plaintiff's Section 1981 claims against the IDOT Employees, arguing that they were redundant to Plaintiff's claims against IDOT and therefore also barred by the Eleventh Amendment. (R. 32, IDOT's Mem. at 7-8; R. 35, Fulgenzi's Mem. at 4-5.)

In its December 14, 2011 memorandum opinion and order, the Court concluded that IDOT was immune from Plaintiff's Section 1981 claims under the Eleventh Amendment. (R. 43, Mem. Op. at 10.) The Court further noted that "'[t]his bar remains in effect when State officials are sued for damages in their official capacity,' . . . because '[a] suit against a governmental officer in his official capacity is really a suit against the entity of which the officer is an agent." (*Id.* at 11) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Franklin v. Zaruba*, 150 F.3d 682, 684 n.1) (7th Cir. 1998)). The exception to this rule occurs, however, when a plaintiff brings an official-capacity suit for injunctive or declaratory relief. (*Id.* at 11) (citing *Graham*, 473 U.S. at 169 n.18; *Kroll v. Bd. of Trs. of the Univ. of Ill.*, 934 F.2d 904, 907 (7th Cir. 1991)). In ruling upon Plaintiff's Section 1981 claims against IDOT in their official capacities, the Court

noted that although Plaintiff argued in response to Defendants' motions to dismiss that he sought injunctive relief, Plaintiff had failed to specify the type of relief sought in his Amended Complaint. (R. 43, Mem. Op. at 11.) The Court further noted that Defendants had pointed out in their briefings that in Plaintiff's Original Complaint, he had not made a "request for injunctive relief but rather [sought] the ' . . . maximum amount of damages as the law allows.'" (R. 40, IDOT's Reply at 5.) Accordingly, the Court rejected Plaintiff's argument that he was seeking injunctive relief.

Plaintiff now calls attention to his Original Complaint and request for injunctive relief therein. (R. 49, Pl.'s Mot. Reinstate at 1-2.) Specifically, Plaintiff points out that in addition to checking off box (f) of Section 16 in his Original Complaint and providing the handwritten request for damages quoted by Defendants, he also checked off boxes (g) and (h) to indicate that he was seeking injunctive relief and other relief as the Court may allow. (*Id.* at 2.) Section 16(g) of Plaintiff's Original Complaint states, in relevant part, "[t]herefore, the plaintiff asks that the court grant the following relief to the plaintiff . . . If available, grant the plaintiff appropriate injunctive relief[.]" (R. 1, Compl. ¶ 16(g).) Because Plaintiff appropriately sought injunctive relief in his Original Complaint, the Court finds that Plaintiff's claims for injunctive relief against the IDOT Employees in their official capacities cannot be dismissed on the basis that they are redundant to his Section 1981 claims against IDOT and therefore barred by the Eleventh Amendment.

Any request for injunctive relief, however, requires a real or immediate threat of future harm. *See Sierakowski v. Ryan*, 223 F.3d 440, 445 (7th Cir. 2000) (affirming dismissal of plaintiff's complaint seeking injunctive relief where plaintiff had not alleged that future injury

3

was likely and that plaintiff faced an immediate threat of harm). Although Plaintiff requested injunctive relief in his Original Complaint, Plaintiff has failed to allege that he faces a threat of immediate future injury. Plaintiff's allegations in his Amended Complaint only describe past conduct by the IDOT Employees. For instance, Plaintiff alleges "Continuation of Discrimination and Retaliation from IDOT and BOB DUDA when Plaintiff was Written Up by BOB DUDA and Suspended on 16 Aug 09." (R. 30, Am. Compl. ¶ 4.) Similarly, Plaintiff also avers "Continuation of Discrimination and Retaliation from IDOT" and Fulgenzi and O'Keefe "when Plaintiff was Suspended by [them] on 16 Aug 09." (*Id.* ¶¶ 6-7.) With respect to Means, Plaintiff avers "Continuation of Discrimination and Retaliation from CHRISTI G. MEANS by Withholding Evidence[.]" (*Id.* ¶ 9.) Plaintiff's allegations in his Original Complaint also describe past conduct, such as what occurred at the November 23, 2009 meeting. (R. 1, Compl. at 9.) Plaintiff's allegations in the IDHR Charges do not specify a threat of future harm or injury, (*id.* at 7), nor do Plaintiff's allegations in the EEOC Charges. (*Id.* at 45-48.) Therefore, his allegations are insufficient to state a claim to enjoin future action by the IDOT Employees. *See Job v. Ill. Dep't of Human Servs.*, No. 08-C-3838, 2009 WL 255596, at *4 (N.D. Ill. Feb. 2, 2009) (dismissing plaintiff's claims against individual defendants in their official capacities where plaintiff failed to identify the type of injunctive relief requested). Accordingly, the Court denies Plaintiff's request to reinstate his Section 1981 claims.

## II.  Plaintiff's motion to amend

Plaintiff also seeks to amend his complaint to add Johnson as a defendant. (R. 49, Pl.'s Mot. Reinstate at 2.) Specifically, Plaintiff states that "On the [September 2, 2010] letter from IDOT, Office of Chief Counsel Bureau of Civil Rights to EEOC, Elbert E. Simon [did not] sign

4

the letter. Jan E. Fuller-Johnson did, p.p. Jan E. Fuller-Johnson signature." (*Id*. at 3.) Therefore, Plaintiff seeks to add Johnson as a defendant.

Although prior to a judgment, leave to amend a complaint is freely given, post-judgment requests to amend a complaint do not enjoy "the presumption in favor of liberality in granting motions to amend[.]" *First Nat'l Bank of Louisville v. Continental Ill. Nat'l Bank & Trust Co. of Chi.*, 933 F.2d 466, 468 (7th Cir. 1991). A post-judgment request for leave to amend may be denied where the proposed amendment would be futile. *See Crestview Vill. Apartments v. HUD*, 383 F.3d 552, 558 (7th Cir. 2004). Here, a review of the letter Plaintiff relies on reveals that while he correctly points out that Johnson actually signed the letter, the term p.p. precedes Johnson's signature and Johnson's signature is below Elbert Simon's name in the closing. (R. 1, Compl. at 27.) The abbreviation "p.p." stands for "per procurationem" which means "by proxy." Black's Law Dictionary 1291, 1256 (9th ed. 2009). In other words, it appears from the face of the exhibit that Johnson actually signed the letter for Simon, and not on her own behalf. Accordingly, the Court believes it would be futile to allow this amendment and denies the motion to amend.

## II. Defendants' motion for clarification

Defendants sought to dismiss Plaintiff's Title VII claims against the IDOT Employees in their official capacities, in part, because a suit against an individual in her official capacity is actually a suit against a governmental entity, *Graham*, 473 U.S. at 165-67, and therefore Plaintiff's claims against the IDOT Employees were redundant to Plaintiff's Title VII claims against IDOT. (R. 45, IDOT's Mot. Clarify at 2.) In footnote 5, page 12, the Court agreed with Defendants' arguments and dismissed the Title VII claims against the IDOT Employees. (R. 43,

Mem. Op. at 12, n.5.) Defendants now seek clarification of the Court's conclusion in its memorandum opinion and order because, they argue, it "seems to indicate that Plaintiff's Title VII claims against the [IDOT Employees] (as to the August 2009) suspension survive." (R. 45, IDOT's Mot. Clarify at 2.) The Court agrees that the order should be clarified.

Pursuant to Rule 60 of the Federal Rules of Civil Procedure, the Court also notes that it declined to dismiss Plaintiff's retaliation claims against IDOT and did not limit Plaintiff's claims to the August 2009 suspension, (R. 43, Mem. Op. at 18-19), which may not be clear in the December 14, 2011 memorandum opinion and order's conclusion. Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so . . . on its own[.]") Accordingly, the Court hereby clarifies the conclusion in the December 14, 2011 memorandum opinion and order to read:

For the foregoing reasons, IDOT's, Duda's, O'Keefe's, and Means' motion to dismiss (R. 31) is GRANTED as to Plaintiff's Section 1981 claims in Counts I and II, as to Plaintiff's Title VII claims in Counts I and II against Duda, O'Keefe, and Means in their official capacities, as to Plaintiff's Section 1983 claims in Counts III and IV against Means, as to Plaintiff's intentional infliction of emotional distress claim in Count V, and as to Plaintiff's claims brought pursuant to the Ethics Act or IDOT's Administrative Rules. The motion is DENIED as to Plaintiffs's Title VII claim of discrimination against IDOT based on his August 2009 suspension in Count I, as to Plaintiff's Title VII claim of retaliation against IDOT in Count II, and as to Plaintiff's Section 1983 claims in Counts III and IV against O'Keefe.

Fulgenzi's motion to dismiss (R. 34) is GRANTED as to Plaintiff's Section 1981 claims

in Counts I and II, as to Plaintiff's Title VII claims in Counts I and II against Fulgenzi in his official capacity, as to Plaintiff's intentional infliction of emotional distress claim in Count V, and as to Plaintiff's claims brought pursuant to the Ethics Act or IDOT's Administrative Rules. The motion is DENIED as to Plaintiff's Section 1983 claims in Counts III and IV against Fulgenzi.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion (R. 49) is DENIED and the IDOT Employees' motion (R. 45) is GRANTED.

Entered: _____
Judge Ruben Castillo
United States District Court

**Date:** January 5, 2012